IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN HUTCHCRAFT                                                        PLAINTIFF

v.                       Civil No. 05-2076

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Glen Hutchcraft, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*. In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *42 U.S.C. § 405(g)*.

The history of the administrative proceedings is contained in the defendant's appeal brief and the ALJ's decision, and will not be recounted here except as necessary. However, it should be noted that plaintiff protectively filed his application for DIB on August 7, 2003 (T. 51-54). He originally alleged an onset date of September 15, 2002, but amended the onset date to May 1, 2003, and then again amended to May 1, 2004 (T. 186, 191-192). The application was denied initially and on reconsideration. Plaintiff requested an administrative hearing, which request was granted and the hearing was conducted on December 9, 2004 (T. 182-207). On March 9, 2005, the ALJ issued an unfavorable decision (T. 15-22). The Appeals Council declined the plaintiff's request for review of the hearing decision, by Order dated April 30,

2005 (T. 4-6).

Plaintiff was 48 years of age at the time of the administrative hearing and has a twelfth grade education and two years of trade school (T. 183-186, 79). He has past relevant work as an auto body repairman (T. 184-186). Plaintiff asserts disability due to: obesity; status post fractured right ankle; lumbar pain; hypertension; diabetes mellitus; edema; bowel leakage; numbness; and, fatigue.

The Appeals Council's denial of the plaintiff's Request for Review of the hearing decision rendered it the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Although both parties were given the opportunity to file an appeal brief, only the defendant has done so (Doc. #6), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability which can be expected to result in death or which has lasted or can be expected to last for at twelve consecutive months, and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(c)*. A plaintiff must show that his disability, not simply his impairment, has lasted or can be expected to last for at least twelve consecutive months. Upon careful consideration of the administrative record, the undersigned finds that the plaintiff, herein, has not done so.

Clearly, in the time period beginning with the second amended onset date of May 1, 2004,[1] agreed to by plaintiff, his counsel and the ALJ at the administrative hearing (T. 186-192), and ending with the ALJ's March 9, 2005 decision, there exists only approximately ten (10) consecutive months. Thus, the plaintiff has not demonstrated the his alleged severe

---

[1] Plaintiff's onset date was originally amended by him to May 1, 2003, because he had performed substantial gainful employment (T. 90, 186-187). At the hearing, after hearing testimony from the plaintiff regarding his receipt of unemployment benefits from the states of Arkansas and Louisiana, the plaintiff again amended his application to reflect an onset date of May 1, 2004. Although the ALJ's written decision states that plaintiff's onset date was allegedly May 1, 2003, a careful reading of the somewhat lengthy hearing transcript clearly indicates that this is a typographical error (T. 191-192).

-3-

impairments have met that portion of the "duration requirement." *20 C.F.R. § 404.1505(a)*.

However, the regulation also defines disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which...can be expected to last for a continuous period of less than 12 months." *Id.;* see also, *20 C.F.R. § 404.1509*. To determine if the plaintiff's impairments could be expected to last for twelve consecutive months, we turn to the record. We note that plaintiff sustained a bimalleolar fracture of the right ankle, after falling out of a tree/deer stand (T. 101). He underwent open reduction internal fixation on November 24, 1996 (T. 96). A follow up progress note of December 5, 1996 indicated he was doing well (T. 95).

Plaintiff re-injured the same ankle on August 18, 2001, when involved in a motor vehicle accident (T. 105-111). During this same hospital visit, an x-ray of the lumbar spine was made, which showed degenerative changes, but no evidence of fracture or dislocation (T. 112). He began walking with a cane, and utilizing the ankle brace from his previous injury. Plaintiff underwent physical therapy from September 19, 2001, through October 19, 2001, with improvement, and was discharged as per his medical doctor (T. 117). An October 24, 2001 progress note from Dr. Steven Atchison, and orthopedic specialist, states that a "review of his x-rays show that he has a well healed fibular fracture with a plate on the anterior fibula. No significant other changes." (T. 130). Although an MRI was recommended, the record does not indicate that plaintiff, in fact, had one performed.

Plaintiff was treated at Available Medical Care for sinusitis, hypertension, non-insulin dependent diabetes mellitus, impetigo and sleep apnea between January 16, 2004 and February 19, 2004 (T. 144-147). In addition, the plaintiff received treatment from a chiropractor from

AO72A
(Rev. 8/82)

August 21, 2001 through November 8, 2001, for his back and ankle pain (T. 157-172). Dwight V. Hart, D.C., concluded that the plaintiff had achieved maximum corrective care at his office, but had not reached maximum medical improvement (T. 161). A chiropractor is not among the "acceptable sources" of medical evidence upon which the ALJ may rely. *20 C.F.R. § 404.1513.* Therefore, an ALJ properly gives little weight to such opinion; it may be used only to show how any impairment affects the plaintiff's ability to work. *Chronkite v. Sullivan, 935 F.2d 133, 134 (8th Cir.1991).*

Plaintiff underwent a consultative examination by Dr. Michael Westbrook, on February 3, 2004, at the request of the Social Security Administration. Dr. Westbrook diagnosed: back pain due to degenerative disc disease/degenerative joint disease; traumatic degenerative arthritis of the right ankle; and, although the record contains no test results, sleep apnea (T. 143). Dr. Westbrook also noted that x-rays of the lumbar spine showed osteophytes at the lower lumbar levels, with a mild disc space at L5 and, degenerative arthritic changes in the ankle joint (T. 142).

On September 7, 2004, the first medical record to be dated after plaintiff's second amended onset date, plaintiff was seen at Available Medical Care. He was assessed with obesity, chronic pain syndrome and possible herniated nucleus pulposus of the lumbar spine (T. 174). However, in a handwritten note, the doctor added "long [illegible] of alleged 'disability claims'. I will not assist in disability application, as I feel the pts problems are amenable to treatment." (T. 175).

Plaintiff was seen on December 13, 2004, by Dr. Robert Barker, at Good Samaritan Clinic. Dr. Barker's handwriting is difficult to read, but it appears plaintiff was treated for

-5-

urinary effects, diabetes and high blood pressure, with medication and an oxide paste (T. 177). Finally, the Appeals Council received a one page form apparently completed by Dr. Barker on March 30, 2005, accordingly that form was not before the ALJ when he rendered his decision (T. 179). In the form, the doctor stated "patient's most limiting symptoms relate to back and ankle. The obesity, hypertension & diabetes will limit life expectancy." He also estimated that the plaintiff would miss more than four (4) days of work, per month (T. 179). However, there is no evidence of record reflecting that Dr. Barker performed any tests on the plaintiff, which results would support his conclusions.

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See *Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992)*. At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994)*. However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater, 107 F.3d 617, 622 (8th Cir.1997)*, and the undersigned has done so, herein.

Based on a thorough review of the administrative record, the undersigned finds that

-6-

substantial evidence does not support a finding that plaintiff's impairments may have been expected to last for twelve consecutive months. Thus, plaintiff has not met the duration requirement of the statute. *42 U.S.C. § 423(d)(1)(A).*

Accordingly, the ALJ's decision denying benefits to the plaintiff should be affirmed, however, not for the reasons set forth in his decision. Rather, the decision should be affirmed for the reasons set forth above. Further, the plaintiff's Complaint should be dismissed with prejudice.

ENTERED this 17th day of July, 2006.

                                                      /s/ Bobby E. Shepherd
                                           HONORABLE BOBBY E. SHEPHERD
                                           UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)